United States District Court
Southern District of Texas
**ENTERED**
January 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSHUA PARKS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 1:19-CV-222 |
| § | |
| NORDEX USA, INC., *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER AND OPINION

Plaintiff Joshua Parks brings this action against 12 parties involved in the operation of a wind farm in Willacy County, Texas. (First Am. Compl., Doc. 42) He seeks recovery for injuries he suffered from a fall while employed at the wind farm. (*Id.* at 24)

In part, Parks sues his employer, Axis Renewable Group, Inc., alleging a negligence claim based on vicarious liability, due to the alleged failure of Axis's employees to provide and maintain a safe working environment.[1] (First Am. Compl., Doc. 42, ¶¶ 5.6–5.7) Axis moves for summary judgment on the grounds that its workers' compensation benefits are Parks's exclusive remedy from Axis for the injuries he allegedly sustained. (Motion, Doc. 68)

**I.     Summary Judgment Facts**

Parks alleges that in November 2017, he fell and suffered injuries while in the course and scope of his employment. (First Am. Compl., Doc. 42, ¶ 4.1) At the time, Axis employed Parks, (B. Moore Decl., Doc. 68-3, ¶ 3), and carried workers' compensation insurance covering its Texas employees, which included Parks. (C. Reichardt Aff., Doc. 68-4, ¶ 2; Doc. 68-4, 31) Parks offers no evidence controverting these facts.

---

[1] In January 2019, Axis Renewable Group, Inc. changed its name to Campo Lejano Axis Grupo, Inc. (B. Moore Decl., Doc. 68-3, ¶ 3) Parks sued both Axis Renewable and Campo Lejano, but presents no evidence controverting that they are one and the same entity. The Court's use of "Axis" refers to Campo Lejano Axis Grupo, Inc., formerly known as Axis Renewable Group, Inc.

**II.     Summary Judgment Standard**[2]

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine dispute of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A genuine dispute over material facts exists if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party," and the fact at issue might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*. 47 U.S. 242, 248, 250 (1986). The moving party "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). When a movant bears the burden on an issue, such as with respect to an affirmative defense, the movant must prove an absence of a genuine issue of material fact to carry its burden, even where the nonmovant has not filed a response. *See Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). In considering a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

**III.    Analysis**

Under the Texas Workers Compensation Act, the "[r]ecovery of workers' compensation benefits is the *exclusive remedy* of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for the death of or a work-related injury sustained by the employee." TEX. LABOR CODE § 408.001(a) (effective Sept. 1, 2005) (emphasis added). This

---

[2] In its Motion, Axis invokes the no-evidence summary judgment standard under Texas Rule of Civil Procedure 166a. (Motion, Doc. 68, 2) However, as the matter is before this Court based on diversity jurisdiction, the Court will apply federal procedural law, including the summary judgment standard in Federal Rule of Civil Procedure 56. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991); *see also Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 947 (S.D. Tex. 2005) (applying the federal summary judgment txstandard rather than the state standard).

provision "exempts the employer, its agents, and its employees from common-law liability claims based on negligence or gross negligence." *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. LABOR CODE § 408.001(a)); *see also Exxon Corp. v. Perez*, 842 S.W.2d 629, 630 (Tex. 1992) (stating employer is "immune"); *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981) (stating employer is "exempt"). The exclusive remedy provision is an affirmative defense an employer must plead and prove. *Perez*, 842 S.W.2d at 630; *Warnke*, 358 S.W.3d at 343.

To invoke the protections that Section 408.001 provides, the employer must show the injured worker was: (1) an employee of the company at the time at which the work-related injury occurred, and (2) covered by workers' compensation insurance. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475 (Tex. 2005); *Warnke*, 358 S.W.3d at 343. If the employer successfully demonstrates as much, "employee claims of work-related negligence and gross negligence are barred." *Warnke*, 358 S.W.3d at 343; *see also Perez*, 842 S.W.2d at 630 ("[A]n employer who pleads and proves subscriber status is immune from liability for common-law negligence and the employee's exclusive remedy is under the Act."). The exclusive recovery bar also applies to claims of premises liability based on respondeat superior. *See Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 75 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (affirming summary judgment on a premises liability claim for the defendant employer on the basis of the exclusive remedy bar of the TWCA); *Mosqueda v. G & H Diversified Mfg., Inc.*, 223 S.W.3d 571, 583–84 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (same).

Here, Parks alleges that when he suffered his alleged injuries, he was acting in the course and scope of his employment. (First Am. Compl., Doc. 42, ¶ 4.1) Axis submits competent summary judgment evidence demonstrating that it employed Parks at the time of the incident, (B. Moore Aff., Doc. 68-3, ¶ 3), and held a workers' compensation insurance policy covering its Texas employees. (C. Reichardt Aff., Doc. 68-4, ¶ 2; Doc. 68-4, 31)

Parks filed no response to the Motion, which renders Axis's summary judgment evidence

uncontroverted. As a result, Axis has demonstrated that as a matter of law, Section 408.001 of the TWCA applies and bars Parks's cause of action for negligence and his alternative claim for premises liability.

### IV.   Conclusion

For these reasons, it is:

**ORDERED** that Defendants Axis Renewable Group, Inc. and Campo Lujano Axis Grupo, Inc.'s Motion for Summary Judgment Under the Exclusive Remedy Doctrine (Doc. 68) is **GRANTED**; and

**ORDERED** that Plaintiff Joshua Parks's causes of action against Defendants Axis Renewable Group, Inc. and Campo Lujano Axis Grupo, Inc. are **DISMISSED WITH PREJUDICE**.

Signed on January 21, 2021.

_____
Fernando Rodriguez, Jr.
United States District Judge